

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
**T** 410.244.7400  **F** 410.244.7742  www.Venable.com

**Writer's Direct Number:**
**410-244-7434**

December 3, 2013

***EXPEDITED RELIEF REQUESTED***
**COURTESY COPY VIA FACSIMILE**
Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15C
New York, New York 10007-1312

> Re:   U.S. Bank National Association, as Trustee for the Registered Holders
> of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage
> Pass-Through Certificates, Series 2006-C28 ("Plaintiff" or the "Trust"),
> acting by and through its Special Servicer CWCapital Asset Management LLC
> v. Dexia Real Estate Capital Markets f/k/a Artesia Mortgage Capital
> Corporation ("Defendant" or "Dexia"), Case No. 12-cv-9412 (the "Action")

Dear Judge Scheindlin:

In accordance with Section V(B)(2) of this Court's Individual Rules and Procedures, after a number of good faith attempts to reach a resolution with opposing counsel, I write to advise the Court of a discovery dispute and request expedited consideration given the timing and potential prejudice to the Trust. In essence, the deposition of a third-party witness in a separate Minnesota proceeding is scheduled for this ***Thursday, December 5, 2013*** beginning at 9am. Dexia is a party to the Minnesota proceeding but the Trust is not. Both the Trust and Dexia seek to depose the same third-party witness in this Action, but the witness has failed and refused to produce certain documents to the Trust in response to a duly issued subpoena such that the Trust is not prepared to go forward with the deposition on Thursday. Despite being aware of that fact, Dexia refuses to withdraw its notice of deposition in this Action. Instead, Dexia insists that the Trust participate in the deposition because of the mere fact that the witness is being made available in the Minnesota litigation on that date and time and, as a party to the Minnesota litigation, Dexia will be present at that deposition. Although the Trust is pursuing a motion to compel with the United States District Court for the District of Minnesota to obtain the necessary documents and alternate deposition dates, Dexia is unwilling to withdraw its notice of deposition for Thursday and reschedule the third-party witness's deposition in this Action for a date (i) after the Trust receives the requested documents or receives a ruling on its motion to compel; and (ii) prior to the close of discovery in this case. Accordingly, the Trust is asking this Court to compel Dexia to withdraw its notice of deposition in this Action until such date and time as the motion to compel can be resolved with the Minnesota court.

# VENABLE®LLP

Honorable Shira A. Scheindlin
United States District Judge
December 3, 2013
Page 2 of 3

The following is a summary of the relevant facts:

- The Trust issued two subpoenas to Robert C. Abel ("Mr. Abel") on November 8, 2013, seeking the production of documents on or before November 21, 2013 and a deposition on November 22, 2013 (copies of Mr. Abel's subpoenas are attached hereto as Exhibit 1);
- On November 8, 2013, the Trust issued subpoenas and Rule 30(b)(6) deposition notices to MP Operating, LLC and Annex Operating, LLC (collectively, the "Borrower"), seeking a deposition on November 22, 2013 (copies of those subpoenas and related deposition notices are attached hereto as Exhibits 2 and 3);
- By letter dated November 14, 2013, counsel for Mr. Abel (i) advised (a) that Mr. Abel would likely be the 30(b)(6) witness for the Borrower, (b) that Mr. Abel was unavailable for a deposition on November 22nd, and (c) that his deposition was previously scheduled in the Minnesota litigation for December 5, 2013; (ii) requested that the Trust agree to conduct both depositions at the same time; and (iii) refused to produce the requested documents (a copy of the November 14th letter is attached hereto as Exhibit 4);
- By letter dated November 20, 2013, the Trust responded that it would be willing to consider conducting its deposition on December 5th on the condition that (i) the requested documents be produced by December 2nd; and (ii) the Trust be assured that it would be provided an opportunity and given ample time to conduct its examination if it agreed to proceed in concert with the Minnesota deposition (a copy of the November 20th letter is attached hereto as Exhibit 5); and
- On November 26, 2013,[1] Dexia issued a consolidated deposition notice for Mr. Abel in both this Action and the Minnesota litigation (a copy of Dexia's deposition notice is attached hereto as Exhibit 6).[2]

---

[1]   Dexia's counsel had already contemplated a joint deposition as early as November 7, 2013, and knew of the proposed deposition date in December, but never discussed the scheduling of the deposition with the Trust or whether the Trust had any objection to having the two (2) depositions conducted at the same time. Indeed, despite having told opposing counsel in the Minnesota litigation that he would advise counsel for the Trust of the Minnesota scheduling, the December deposition date was not conveyed to the Trust until receipt of the correspondence from Mr. Abel's counsel on November 14, 2013. A copy of Mr. James's November 7th email correspondence is attached hereto as Exhibit 7.

[2]   To date, Dexia has not noticed a Rule 30(b)(6) deposition of the Borrower entities in this Action.

# VENABLE®LLP

Honorable Shira A. Scheindlin
United States District Judge
December 3, 2013
Page 3 of 3

Dexia's counsel has been copied on all communications between the Trust's counsel and Mr. Abel's counsel, and Dexia is fully aware that none of the requested documents have been produced; yet Dexia claims that the document dispute is not its problem and refuses to withdraw Mr. Abel's deposition notice in this Action or agree to reschedule for a later date once the Trust has obtained the requested documents. As a justification for its actions, Dexia has stated that it cannot take the chance that Mr. Abel's counsel says that their presence in the deposition in the Minnesota litigation moots the need for the witness to appear again for a deposition in this Action. Instead, Dexia has suggested that the Trust participate in the Minnesota deposition, note its objections for the record and attempt to hold open the deposition until the document production is resolved. Dexia fails to recognize, however, (i) that there is no guaranty that the deponent will agree to hold the deposition open given the one day and seven (7) hour time limit imposed by FRCP 30(d)(1); (ii) that no agreement has been reached as to how the seven (7) hour deposition will be apportioned among the various parties and divergent interests;[3] (iii) that even if the deposition is held open, the parties are simply going to have to appear on another date anyway, so why not simply schedule the deposition in this Action on another day; and (iv) it will be prejudicial to the Trust to proceed without having the opportunity to have documents authenticated for purposes of a trial in this matter.

Dexia sat silent knowing that it had already agreed to conduct a consolidated deposition of Mr. Abel on December 5th notwithstanding the fact that the Trust did not receive its requested documents, then weeks later served its deposition notice, and now Dexia seeks to coerce the Trust into proceeding with the deposition on December 5th when the only benefit would be to Dexia. Such discovery tactics should not be condoned by the Court and the Trust respectfully requests that the Court issue an order compelling Dexia to withdraw its notice of deposition for Mr. Abel on December 5, 2013 in this Action.

Respectfully submitted,

Heather Deans Foley

cc:    Gregory A. Cross, Esq. (via electronic delivery; counsel for Plaintiff)
       David D. Ferguson, Esq. (via electronic delivery; counsel for Defendant)
       G. Edgar James, Esq. (via electronic delivery; counsel for Defendant)
BADOCS/7455516

---

[3]  There are no fewer than six (6) distinct parties who would be participating in the one-day deposition that is currently scheduled for December 5th, and no assurance has been given that the Trust would be provided a full and fair opportunity to examine the witness in both his individual and corporate capacities.