**EXHIBIT 3**

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee... <br> *Plaintiff* <br> v. <br> DEXIA REAL ESTATE CAPITAL MARKETS f/k/a <br> ARTESIA MORTGAGE CAPITAL CORPORATION <br> *Defendant* | Civil Action No. 12-cv-09412-SAS <br><br> (If the action is pending in another district, state where: <br> Southern District of New York ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Annex Operating, LLC, 110 2nd Street South, Suite 201, Waite Park, Minnesota 56387

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A attached hereto

| Place: Malkerson Gunn Martin LLP <br> 220 South 6th Street <br> Minneapolis, Minnesota 55402 | Date and Time: <br> 11/22/2013 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic and audio

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/08/2013

CLERK OF COURT

_____   OR   *[signature: Heather Deans Foley]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Plaintiff, U.S. BANK NATIONAL ASSOCIATION, as Trustee*          , who issues or requests this subpoena, are:
Heather Deans Foley, Venable LLP, 750 E. Pratt Street, Suite 900, Baltimore, Maryland 21202; (410)-244-7417;
hdfoley@venable.com

---

* for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C28, acting by and through its Special Servicer, CWCAPITAL ASSET MANAGEMENT LLC

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 12-cv-09412-SAS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A – Matters for Examination

Pursuant to Fed. R. Civ. P. 30(b)(6), Annex Operating, LLC ("Annex Operating") is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, for each of the following matters:

1. The financial performance of Annex Operating from January of 2009 through August of 2010.

2. The financial performance of MP Operating, LLC ("MP Operating" and together with Annex Operating, the "Borrower") from January of 2009 through August of 2010.

3. The leases and physical occupancy rate of the improvements located on the real property owned by the Borrower, commonly known as the Marketplace Shopping Center and more particularly described on Schedule 1 hereto (the "Property"), from January of 2010 through August of 2010.

4. The authenticity of the Borrower's financial records, including but not limited to the Borrower's operating statements and rent rolls respecting the Property, for the period from January of 2009 through August of 2010.

SCHEDULE 1

The Property is located in Stearns County, Minnesota, and is legally described as follows:

Parcel A:

That part of Lot 1, Block 3, Park Square Plat 2, according to the recorded plat thereof, in the City of Waite Park, Stearns County, Minnesota that lies West and North of the following described line: Said line begins on the North line of said Lot 1 distant 493.00 feet East of the Northwest corner of said Lot 1, assume the North line of said Lot 1 to have a bearing of South 89° 18 minutes 05 seconds East; thence South 00° 02 minutes 12 seconds East, parallel with the West line of said Lot 1, a distance of 541.43 feet; thence North 89° 12 minutes 40 seconds West, parallel with the South line of said Lot 1, a distance of 127.01 feet; thence South 00° 02 minutes 12 seconds East, parallel with said West line, a distance of 70.00 feet to a point on the South line of said Lot 1 and there terminating, said termination ties 366.00 feet East of the Southwest corner of said Lot 1. Except the South 30.00 feet of the West 366.00 feet thereof.

ALSO, the South 15.00 feet of the West 86.00 feet of Lot 1, Block 1, Park Square, City of Waite Park, Stearns County, Minnesota.

ALSO, The North 20.00 feet of the West 329.57 feet of the Southwest Quarter of the Southwest Quarter (SW1/4 of SW1/4) of Section 16, Township 124, Range 28, Stearns County, Minnesota.

Together with rights and benefits contained in the Grant of Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709839, in the Stearns County Recorders Office.

Together with rights and benefits contained in the Declaration of Reciprocal Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709840, in the Stearns County Recorders Office.

Parcel B:

Lot One (1), Block One (1), Park Square, according to the plat thereof on file and of record in the office of the County Recorder, Stearns County, Minnesota, except the North 20 feet thereof, and except the West 86.00 feet of the South 100.00 feet thereof, except the South 15.00 feet thereof, lying East of the West 86.00 feet, and except that part described as follows:

Commencing at the Northwest corner of said Lot 1; thence South along the West line thereof to its intersection with a line drawn parallel with and 20.00 feet South of the North line of said Lot 1, and the point of beginning of the parcel to be described; thence East along said parallel line a distance of 20.00 feet; thence southwesterly to a point of the West line of said Lot 1, distant 20.00 feet South from the point of beginning of this description; thence North a distance of 20.00 feet to the point of beginning.

Together with rights and benefits contained in the Grant of Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709839, in the Stearns County Recorders Office.

Together with rights and benefits contained in the Declaration of Reciprocal Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709840, in the Stearns County Recorders Office.

(Abstract Property)

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for the Registered Holders of Wachovia
Bank Commercial Mortgage Trust, Commercial
Mortgage Pass-Through Certificates, Series 2006-
C28, acting by and through its Special Servicer,     Case No. 12-cv-09412-SAS
CWCAPITAL ASSET MANAGEMENT LLC,

                               Plaintiff,

                     -against-

DEXIA REAL ESTATE CAPITAL MARKETS
f/k/a ARTESIA MORTGAGE CAPITAL
CORPORATION,

                               Defendant.

------------------------------------------------------------- X

**<u>PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITION OF ANNEX OPERATING, LLC</u>**

        PLEASE TAKE NOTICE that the above-captioned plaintiff, U.S. Bank National Association, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C28 (the "Trust"), acting by and through its Special Servicer CWCapital Asset Management LLC, by and through its undersigned counsel, will take the deposition of Annex Operating, LLC ("Annex Operating"), 110 2nd Street South, Suite 201, Waite Park, Minnesota 56387, upon oral examination and pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure before a Notary Public or some other officer authorized to administer oaths, at the offices of Malkerson Gunn Martin LLP, 220 South 6th Street, Minneapolis, Minnesota 55402, beginning on **Friday, November 22, 2013 at 10:00 a.m.** and to

7284357-v1

continue until completed. The deposition shall be recorded by stenographic and audio means and shall be for the purposes of discovery and for use as evidence at trial.

## Matters for Examination

Pursuant to Fed. R. Civ. P. 30(b)(6), Annex Operating shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, for each of the following matters:

1. The financial performance of Annex Operating from January of 2009 through August of 2010.

2. The financial performance of MP Operating, LLC ("MP Operating" and together with Annex Operating, the "Borrower") from January of 2009 through August of 2010.

3. The leases and physical occupancy rate of the improvements located on the real property owned by the Borrower, commonly known as the Marketplace Shopping Center and more particularly described on Schedule 1 hereto (the "Property"), from January of 2010 through August of 2010.

4. The authenticity of the Borrower's financial records, including but not limited to the Borrower's operating statements and rent rolls respecting the Property, for the period from January of 2009 through August of 2010.

7284357-v1

                              Respectfully submitted,

Dated: November 8, 2013.        /s/ Heather Deans Foley
                              Gregory A. Cross (admitted *pro hac vice*)
                              Heather Deans Foley (admitted *pro hac vice*)
                              VENABLE LLP
                              750 East Pratt Street, Suite 900
                              Baltimore, Maryland 21202
                              (410) 244-7400 (telephone)
                              (410) 244-7742 (facsimile)

                              -and-

                              Michael C. Hartmere
                              VENABLE LLP
                              Rockefeller Center
                              1270 Avenue of the Americas, 25th Floor
                              New York, New York 10020
                              (212) 307-5500 (telephone)
                              (212) 307-5598 (facsimile)

                              *Attorneys for U.S. Bank National Association,*
*as Trustee for the Registered Holders of*
*Wachovia Bank Commercial Mortgage Trust,*
*Commercial Mortgage Pass-Through Certificates,*
*Series 2006-C28, acting by and through its*
*Special Servicer CWCapital Asset Management LLC*

SCHEDULE 1

The Property is located in Stearns County, Minnesota, and is legally described as follows:

Parcel A:

That part of Lot 1, Block 3, Park Square Plat 2, according to the recorded plat thereof, in the City of Waite Park, Stearns County, Minnesota that lies West and North of the following described line: Said line begins on the North line of said Lot 1 distant 493.00 feet East of the Northwest corner of said Lot 1, assume the North line of said Lot 1 to have a bearing of South 89° 18 minutes 05 seconds East; thence South 00° 02 minutes 12 seconds East, parallel with the West line of said Lot 1, a distance of 541.43 feet; thence North 89° 12 minutes 40 seconds West, parallel with the South line of said Lot 1, a distance of 127.01 feet; thence South 00° 02 minutes 12 seconds East, parallel with said West line, a distance of 70.00 feet to a point on the South line of said Lot 1 and there terminating, said termination ties 366.00 feet East of the Southwest corner of said Lot 1. Except the South 30.00 feet of the West 366.00 feet thereof.

ALSO, the South 15.00 feet of the West 86.00 feet of Lot 1, Block 1, Park Square, City of Waite Park, Stearns County, Minnesota.

ALSO, The North 20.00 feet of the West 329.57 feet of the Southwest Quarter of the Southwest Quarter (SW1/4 of SW1/4) of Section 16, Township 124, Range 28, Stearns County, Minnesota.

Together with rights and benefits contained in the Grant of Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709839, in the Stearns County Recorders Office.

Together with rights and benefits contained In the Declaration of Reciprocal Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709840, in the Stearns County Recorders Office.

Parcel B:

Lot One (1), Block One (1), Park Square, according to the plat thereof on file and of record in the office of the County Recorder, Stearns County, Minnesota, except the North 20 feet thereof, and except the West 86.00 feet of the South 100.00 feet thereof, except the South 15.00 feet thereof, lying East of the West 86.00 feet, and except that part described as follows:

Commencing at the Northwest corner of said Lot 1; thence South along the West line thereof to its intersection with a line drawn parallel with and 20.00 feet South of the North line of said Lot 1, and the point of beginning of the parcel to be described; thence East along said parallel line a distance of 20.00 feet; thence southwesterly to a point of the West line of said Lot 1, distant 20.00 feet South from the point of beginning of this description; thence North a distance of 20.00 feet to the point of beginning.

Together with rights and benefits contained in the Grant of Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709839, in the Stearns County Recorders Office.

Together with rights and benefits contained in the Declaration of Reciprocal Easements dated November 27, 1991, and recorded January 13, 1992, as Document Number 709840, in the Stearns County Recorders Office.

(Abstract Property)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of November, 2013, a copy of the foregoing *Plaintiff's Notice to Take Rule 30(b)(6) Deposition of Annex Operating, LLC* was sent via electronic delivery and first-class mail, postage prepaid, to:

>David Darl Ferguson
>G. Edgar James
>Polsinelli PC
>900 W. 48th Place, Suite 900
>Kansas City, MO 64112
>dferguson@polsinelli.com
>ejames@polsinelli.com

>/s/ Heather Deans Foley
>Heather Deans Foley

7284357-v1