**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE REGISTERED HOLDERS OF
WACHOVIA BANK COMMERCIAL MORTGAGE
TRUST, COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-C28,
ACTING BY AND THROUGH ITS SPECIAL
SERVICER CWCAPITAL ASSET MANAGEMENT
LLC,

                 Plaintiff,

                 - against -

DEXIA REAL ESTATE CAPITAL MARKETS F/K/A
ARTESIA MORTGAGE CAPITAL CORPORATION,

                 Defendant.

No. 12-CV-9412 (PAE)

-----------------------------------------------------------------------

**DECLARATION OF KENNETH I. SCHACTER**
**IN SUPPORT OF DEXIA'S MOTION FOR RECOVERY OF ITS**
**ATTORNEYS' FEES, COSTS AND EXPENSES**

KENNETH I. SCHACTER, pursuant to 28 U.S.C. § 1746, hereby declares:

1.     I am a member of the firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"),

attorneys for Defendant Dexia Real Estate Capital Markets f/k/a Artesia Mortgage Capital

Corporation ("Dexia") in this action brought by U.S. Bank National Association, as Trustee for

the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage

Pass-Through Certificates, Series 2006-C28, Acting by and Through its Special Servicer

CWCapital Asset Management LLC ("the Trust").

2.     I have been lead counsel throughout the appellate portion of this action and am

familiar with the facts surrounding this litigation both in the trial court and on appeal.  I make

this declaration based on personal knowledge or review of files, business records in the

possession of my firm, and other documents and sworn statements identified below.

3.      I have reviewed the fee and expense records relevant to the statements made in this declaration, and I have personal knowledge of the facts stated herein.

4.      On March 16, 2016, the Second Circuit issued a Summary Order stating, in part, that "the judgment of the district court is REVERSED, and the case is REMANDED with instructions that Defendant-Appellant's cross-motion for summary judgment be GRANTED." Summ. Order and J. 2, Dkt. 183.

5.      This declaration and related filings provide support for Dexia's motion to recover its attorneys' and expert fees, costs, and interest in the remand proceedings for recovery against the Trust.

6.      The following exhibits are attached to this Declaration:

**Exhibit A** is the main summary document that identifies the professional fees and costs that Dexia seeks to recover as indicated in this filing.

**Exhibit B** contains Morgan Lewis's detailed and contemporaneous time records, with fee rates for all timekeepers at the front.

**Exhibit C** contains a summary of costs that Morgan Lewis incurred and billed to Dexia that Dexia has paid and seeks to recover as calculated in Exhibit A.

**Exhibit D** contains other cost records that Dexia paid directly for expenses incurred in this litigation.

**Exhibit E** contains the law firm biographies of the principal lawyers involved in this case (Mr. Schacter and Ms. Kaufman).

**Exhibit F** contains a copy of relevant sections of the Mortgage Loan Purchase Agreement ("MLPA") entered into between Artesia Mortgage Capital Corporation and Wachovia Commercial Mortgage Securities, Inc, dated October 1, 2006.

**Exhibit G** contains a copy of relevant sections of the Pooling and Servicing Agreement ("PSA"), dated October 1, 2006.

**Exhibit H** contains two invoices from Pedersen & Sons Surety Bond Agency, Inc. (f/k/a Offenhartz & Pedersen, LTD) for annual premium on the supersedeas bond (#800002628).

**Exhibit I** contains a letter from William J. Pedersen of Pedersen & Sons Surety Bond Agency, Inc. (f/k/a Offenhartz & Pedersen, LTD), dated April 12, 2016, confirming that

1

Dexia has paid $77,000.00 in bond premiums for two years, totaling $154,000.00. The letter states that, as the bond has been released, Pedersen & Sons will refund Dexia $34,696.00 for the unearned portion of the second year premium. After accounting for the anticipated return premium, the net amount of premium that Dexia has paid is $119,304.00.

7.     The fees and costs that Dexia seeks to recover through the date of this filing are identified in Exhibit A. All fees and costs have been incurred by Dexia for work actually and necessarily performed in this action.

8.     Dexia has not yet paid any amounts sought in this application covering the period from March 1, 2016 through the dates indicated in the Exhibits listed above but I expect Dexia will do so in the ordinary course.

9.     For its recordkeeping in this litigation, Morgan Lewis followed its customary billing practices and assigned this matter a unique matter number that was regularly used by all timekeepers to record and track fees and costs incurred by Morgan Lewis on behalf of Dexia throughout this litigation. Under my direction, the computerized business records for the Dexia litigation were pulled for my review using that matter number. I reviewed these records, including Exhibits A, B, and C in particular, and confirmed that the fees and costs were incurred in connection with this litigation.

**<u>ATTORNEYS' FEES</u>**

10.     The total fees that Dexia seeks to recover through March 16, 2016, are reflected in Exhibit A.

11.     Morgan Lewis is a large national law firm with approximately 2,000 lawyers and 28 offices worldwide, including in New York, Philadelphia, Washington, D.C., San Francisco, and Los Angeles.

12.     As set forth in Exhibit B, the rates charged to Dexia by the primary timekeepers are as follows:

2

| Timekeeper | Law School Year/Title | Rate $/hr |
|---|---|---|
| Kenneth I. Schacter | 1979 - Partner | $1,025 (2014-2015) $1,055 (2016) |
| Dina R. Kaufman | 2008 - Associate | $630 (2014-2015) $680 (2016) |

13.     As is reflected in greater detail in the time records in Exhibit B, the work

performed in this matter included:

a.     Analysis of motion papers and legal arguments raised by both parties in the district court proceeding.

b.     Research and analysis of the issues related to statute of limitations, implied covenant of good faith, assignment of contractual rights and obligations, prompt notice, the interrelation of the relevant transactional documents, and the recovery of prejudgment interest at the statutory rate.

c.     Research and analysis of case law related to arguments raised on appeal by both parties, as well as new case law relevant to the subject on appeal;

d.     Drafting, revising and finalizing Dexia's opening brief in the Second Circuit, including arguments related to statute of limitations, collateral estoppel, duty of good faith, and the recovery of prejudgment interest at the statutory rate;

e.     Drafting and revision of reply brief in the Second Circuit, including arguments related to statute of limitations, prompt notice, duty of good faith, enforceability of the guaranty, and prejudgment interest;

f.     Correspondence with the client regarding court filings and general strategy, including comments and edits on motion papers;

g.     Drafting and revision of supplemental briefs related to recent decisions in the Second Circuit and New York Court of Appeals concerning the application of the statute of limitations to the claims in his case;

h.     Preparation for and conduct of oral argument in the Second Circuit, including a moot court;

i.     Analysis of Summary Order issued by Second Circuit.

14.     Attached at Exhibit F are copies of the law firm biographies of the principal lawyers involved in this case (Mr. Schacter and Ms. Kaufman), as printed from the Morgan Lewis website at the following internet addresses:  https://www.morganlewis.com/our-people.

**COSTS**

15.     The total costs that Dexia seeks to recover through March 16, 2016 are reflected in the grand total box for the costs, as reflected in Exhibit A.

16.     I reviewed printouts of Morgan Lewis's computerized billing records for costs incurred in this case, including those collected at Exhibit C, which consist of the cost records detailing the costs, such as filing fees, WestLaw charges, taxi/subway fares, and document production costs.  Set forth in the table immediately below are those costs that were included in Morgan Lewis invoices sent to and paid by Dexia.  The description under "Categories" in the column below identifies the main cost item(s) in the invoices.

17.     Dexia also incurred costs, and paid them directly, in addition to those billed by Morgan Lewis in the invoices identified above.  These additional costs are itemized in Exhibit D.

18.     All the costs Dexia incurred for which it seeks recovery fall into the general categories in the lettered paragraphs below.  Support for them can be found in this declaration and in the Exhibits attached to this affidavit, including Exhibits A, C, and D in particular.

a.      <u>Transcripts.</u>  Transcripts from hearings and depositions were necessary for the case and used extensively on appeal.

b.      <u>Travel Costs.</u>  These were costs for travel to and from court, as well as costs for taxi fares following overtime work.

c.      <u>Photocopying, Printing and Delivery Costs.</u> These were for court filings, exhibits, bates numbering, and binding charges and for delivery costs for overnight or hand-service on opposing counsel and filing in court.  Printing costs incurred for the appeal, including printing opening and reply briefs and the joint appendix totaled approximately $10,000.

d.   <u>Electronic Research Costs.</u> These were for necessary case research performed on Lexis and Westlaw for the various issues in this case on appeal.

e.   <u>Supersedeas Bond Costs.</u>  In order to pursue the appeal without paying the Judgment amount, Dexia was required to post a supersedeas bond in the amount of $21,787,038.00.  OneBeacon, the surety company that posted the bond on Dexia's behalf, charged an annual premium of $77,000.  Dexia paid this amount when the bond was posted, in September 2014, and again when the bond was renewed for another year, in September 2015, for a total of $154,000. The bond was released pursuant to this Court's order dated April 11, 2016.  Dexia has been advised by the surety and the bond broker that, upon release of the bond it will receive a return premium of $34,696.00, for the period of April 2016 to September 2016. Hence, the total net premium for which Dexia seeks is $119,304.00.  This amount is being sought in the Bill of Costs Dexia submitted to the Clerk on April 15, 2016, and is *not* separately requested as part of the present application.  *See* Exhibits A, D, H and I.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2016.


By:  /s/ Kenneth I. Schacter
     Kenneth I. Schacter

5