UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WACHOVIA BANK COMMERCIAL MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C28, ACTING BY AND THROUGH ITS SPECIAL SERVICER CWCAPITAL ASSET MANAGEMENT LLC,

      Plaintiff,

- against -

DEXIA REAL ESTATE CAPITAL MARKETS F/K/A ARTESIA MORTGAGE CAPITAL CORPORATION,

      Defendant.

Case No.: 1:12-cv-9412 (PAE)

---

### DECLARATION OF DAVID D. FERGUSON IN SUPPORT OF DEXIA'S MOTION FOR PROFESSIONAL FEES

DAVID D. FERGUSON, pursuant to 28 U.S.C. § 1746, hereby declares:

1. I am a member of the firm of Polsinelli PC ("**Polsinelli**"), attorneys for Defendant Dexia Real Estate Capital Markets f/k/a Artesia Mortgage Capital Corporation ("**Dexia**") in this action brought by U.S. Bank National Association, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C28, Acting by and Through its Special Servicer CWCCapital Asset Management LLC (the "**Trust**").

2. I was lead counsel throughout the trial portion of this action, and have been co-counsel throughout the appellate portion of this action, and am familiar with the facts surrounding this litigation both in the trial court and on appeal. I make this declaration based on

1

personal knowledge or review of files, business records in the possession of my firm, and other documents and sworn statements identified below.

3. I have reviewed the fee and expense records relevant to the statements made in this declaration, and I have personal knowledge of the facts stated herein.

4. On March 16, 2016, the Second Circuit issued a Summary Order stating, in part, that "the judgment of the district court is [reversed], and the case is [remanded] with instructions that Defendant-Appellant's cross-motion for summary judgment be [granted]."

5. This declaration and related filings provide support for Dexia's motion to recover its fees, costs, and interest in the remand proceedings for recovery against the Trust.

6. The following exhibits are attached to this Declaration:

**Exhibit A** contains Polsinelli's detailed and contemporaneous time records through March 31, 2016.

**Exhibit B** contains the law firm biographies of the principal lawyers involved in this case (Mr. Ferguson, Mr. James, and Mr. Dooley).

**Exhibit C** contains the curriculum vitae of Roy Owen, an expert witness retained by Dexia in this case.

**Exhibit D** contains the invoices of Roy Owen for the services performed in this case.

7. Dexia has paid all amounts sought in the application for work performed through February 29, 2016. Dexia will pay the amounts reflected in Exhibit A for work performed in the period from March 1, 2016 through March 16, 2016 in the ordinary course (the unpaid fees and costs for March 2016 total $15,893.25). The fees and costs incurred by Polsinelli in this case, through March 16, 2016, are $1,094,378.75 for fees, and $85,276.47 of costs, for a total of $1,179,655.22. All fees and costs have been incurred by Polsinelli for work actually and necessarily performed in this action for the benefit of Dexia.

**PROFESSIONAL FEES**

8.  Polsinelli is a large national law firm with approximately 800 lawyers and 24 offices in the United States.  The rates charged to Dexia by the primary timekeepers are as follows:

| Timekeeper | Law School Year/Title | Rate $/hr | |
|---|---|---|---|
| David D. Ferguson | 1990 - Partner | $360 | (2011) |
| | | $375 | (2012) |
| | | $390 | (2013) |
| | | $410 | (2014) |
| | | $440 | (2015) |
| | | $460 | (2016 |
| Eddie James | 1997 – Partner | $300 | (2011) |
| | | $330 | (2012) |
| | | $350 | (2013) |
| | | $375 | (2014) |
| | | $400 | (2015) |
| | | $425 | (2016 |
| Daniel Dooley | 2001 – Associate/Partner | $250 | (2011) |
| | | $260 | (2012) |
| | | $280 | (2013) |
| | | $290 | (2014) |
| | | $325 | (2015) |
| | | $335 | (2016) |

9.  As is reflected in greater detail in the time records in Exhibit A, the work performed in this matter included:

a.  Analysis of pleadings, motion papers and legal arguments raised by the Trust in the district court proceeding.

b.  Research and analysis of the claims related statute of limitations, implied covenant of good faith, assignment of contractual rights and obligations, prompt notice, the interrelation of the relevant transactional documents, and the recovery of prejudgment interest at the statutory rate.

c. Drafting, revising and finalizing Dexia's motion to dismiss the action filed by the Trust, and responding to the briefing filed by the Trust in response to Dexia's motion to dismiss.

d. Investigation of the facts of the case, including the factual background regarding the prior litigation between the Trust and the guarantors of the loan that is the subject of the litigation between Dexia and the Trust.

e. Conducting discovery in support of Dexia's motion for summary judgment and to prepare for trial, and responding to discovery served by the Trust.

f. Drafting, revising and finalizing Dexia's motion for summary judgment, and responding to the briefing filed by the Trust in response to Dexia's motion to dismiss.

g. Drafting, revising and finalizing Dexia's brief in response to the Trust's motion for summary judgment.

h. Assisting with drafting, revising and finalizing Dexia's opening brief in the Second Circuit, including arguments related to statute of limitations, collateral estoppel, duty of good faith, and the recovery of prejudgment interest at the statutory rate;

i. Research and analysis of case law related to arguments raised on appeal by both parties, as well as new case law relevant to the subject on appeal;

j. Assisting with drafting, and revision of reply brief, including arguments related to statute of limitations, prompt notice, duty of good faith, enforceability of the guaranty, and prejudgment interest;

k. Correspondence with the client regarding court filings and general strategy, including comments and edits on motion papers;

l. Assisting with drafting and revision of supplemental letter briefs related to recent decisions in the Second Circuit and New York Court of Appeals concerning the application of the statute of limitations to the claims in his case;

m. Analysis of Summary Order issued by Second Circuit, and post-Order proceedings.

10. <u>Principal Lawyer Biographies</u>.  Attached at <u>Exhibit B</u> are copies of the law firm biographies of the principal lawyers involved in this case (Mr. Ferguson, Mr. James, and Mr. Dooley), as printed from the Polsinelli website at the following internet addresses: https://www.polsinelli.com.

4

52888492.4

11.     I reviewed printouts of Polsinelli's computerized billing records for costs and fees incurred in this case, including those collected in Exhibit A, which consist of the fee and cost records detailing the costs and fees.  Costs include such items as filing fees, WestLaw charges, travel costs, costs for transcripts, photocopying costs, data hosting/e-discovery costs, and other costs.  The costs are itemized near the end of Exhibit A to this declaration.  I have carefully reviewed the entries in Exhibit A to ensure that only time and costs for the litigation with the Trust in New York have been included, and that time and costs for related litigation in Minnesota have not been included in Exhibit A.

12.     Dexia employed Roy Owen as an expert witness in this case.  Mr. Owen's *curriculum vitae* is attached hereto as Exhibit C.  The invoices for Mr. Owen's services in this case are attached as Exhibit D.

13.     Starting in the fall of 2013, the parties conducted comprehensive discovery in the case, extending over a period of months.  Discovery included e-discovery, and thousands of documents were produced in the litigation, many of which pertained to the Trust's administration of the Loan and the Trust's conduct of the litigation against the guarantors in the Minnesota action.  Both the Trust and Dexia retained expert witnesses on the issue of whether Dexia had breached the representations and warranties Dexia made under the Purchase Agreement.  The experts submitted detailed reports.  Following document discovery, the parties took extensive depositions of representatives of the parties and a number of non-parties, including the experts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2016.

By:*/s/ David D. Ferguson*
David D. Ferguson